UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MASA LLC,                            )
                                     )
        Plaintiff,                   )
                                     )
    vs.                              )          Case No. 4:15-CV-00889-AGF
                                     )
APPLE INC.,                          )
                                     )
        Defendant.                   )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion (Doc. No. 32) of Defendant Apple

Inc. ("Apple") to transfer this patent case to the Northern District of California. For the

following reasons, the motion to transfer shall be denied.

## BACKGROUND

Plaintiff Masa LLC ("Masa") initiated this action in the Eastern District of

Missouri on June 5, 2015. Masa alleges that the Apple Watch, Apple Watch Sport, and

Apple Watch Edition (collectively, the "Apple Watch Products") made and sold by Apple

infringe United States Patent No. 8,519,834 ("the '834 patent") held by Masa. The '834

patent was issued on August 27, 2013 and describes a "wrist wound vibrating device, and

more particularly to methods and apparatus for receiving an electronic signal from a

transmitting unit of a cell phone." (Doc. No. 1-1 at 7.)

Masa is a Missouri limited liability company that was formed on June 17, 2014 by

three entrepreneurs who were working to build a startup company around their

smartwatch product under the '834 patent. Masa is wholly owned by the named

inventors of the '834 patent: Andrea Jersa, Michael Jersa, and Avinash Bhardwaj. Masa was formed "for the business purpose of maintaining the ownership of the '834 patent and future intellectual property." (Doc. No. 33 at 4.) Masa's principal place of business is the Jersas' residence in Wildwood, Missouri.

In January 2014, before Masa was formed, Michael Jersa incorporated Clockwork Smart, a Missouri Limited Liability Company, to develop and market a prototype watch featuring the technology patented in the '834 patent. However, Clockwork Smart and Masa's owners "abandoned their attempt to build a startup smartwatch company in St. Louis" on April 25, 2015. (Doc. No. 33 at 4.) Masa and its three owners now focus their efforts on licensing their patented smartwatch invention to existing companies.

Apple is a California corporation founded in 1976, with its principal place of business in Cupertino, California. Other than two Apple retail stores in the St. Louis area, Apple has no physical presence in this judicial district.

In its motion to transfer, Apple argues that the balance of convenience strongly favors transfer to the Northern District of California. Apple maintains that the majority of relevant evidence is located in northern California, including the business records relating to the research, design, and development of the Apple Watch Products, as well as Apple's investigation into the alleged infringement. Apple asserts that it is not aware of any relevant documents located in the Eastern District of Missouri.

Further, Apple argues that the Northern District of California will be more convenient for witnesses. Apple contends that all of Apple's employees responsible for designing and developing the Apple Watch Products are located in the Northern District

of California, and has identified at least 12 Apple employees in that district who have knowledge relevant to this action. Apple argues that traveling from northern California to St. Louis would impose significant burden and inconvenience on these witnesses.

Apple also argues that third-party witnesses are located in the Northern District of California. Two of these witnesses are former Apple employees who are named inventors on one or more patent applications related to the Apple Watch Products. The third is a representative of a company that provides local engineering support for the Apple Watch Products; the company is headquartered in China, but the representative is located in the San Francisco area. Apple argues that the ability to compel such third-party witnesses by subpoena weighs heavily in favor of transfer.

Next, Apple argues that the traditional deference given to the plaintiff's choice of forum is not warranted here because Masa is a "non-practicing entity with no facilities, operations, or presence in the forum." (Doc. No. 32 at 10.) In support of this argument, Apple cites cases in other jurisdictions in which the plaintiff's choice of forum was given less deference where there was no real connection between the forum and the cause of action—for example, where the resident plaintiff in a patent case only recently acquired the patent and neither developed nor reduced the patent to practice in the forum. *See id.* at 10 (citing *CIVIX-DDI, LLC v. Loopnet, Inc.*, No. 2:12CV2, 2012 WL 3776688, at *3 (E.D. Va. Aug. 30, 2012) and related cases).

Finally, Apple maintains that various public interest factors, including efficiency and local interest in the Northern District of California, favor transfer.

In response, Masa argues that its choice of its home forum is entitled to traditional deference because the forum has a substantial connection to the cause of action. Masa distinguishes the cases cited by Apple and notes that, unlike the plaintiffs in those cases, Masa is owned by the patent inventors, two of whom are also residents of this district, and the patent was also developed in this district.

Masa argues that transfer in this case would "merely shift the inconvenience from Apple to Masa." (Doc. No. 33 at 7.) Masa claims that Apple's identification of at least 12 Apple employees with knowledge relevant to this action contradicts Apple's prior statements in discovery. Masa asserts that Apple previously named only four employees as likely to have discoverable information, and identified only four ESI custodians. Masa further argues that the burden on these witnesses is minimal because their depositions can be conducted in California, and they will likely have to travel to this district only once for trial.

As to the non-party witnesses identified by Apple, Masa argues that Apple has failed to demonstrate that these witnesses are likely to have relevant, non-cumulative information, and that in any event, Apple has not suggested that these witnesses would be unwilling to appear at trial or that their deposition testimony would be inadequate.

Next, Masa argues that the location of Apple's records and documents should be afforded little weight in light of the ease with which information can be produced electronically. In fact, Masa argues that both parties have stipulated to produce documents electronically, and have agreed that "all documents that are hardcopy or paper

files shall be scanned and produced in the same manner as documents existing in electronic format." (Doc. No. 33 at 12).

Finally, Masa argues that the public interest favors maintaining the present forum, particularly considering the parties' respective resources.

## DISCUSSION

Title 28 U.S.C. § 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In other words, if a party seeking transfer makes the threshold showing that the action could have been filed in the proposed transferee forum, a court then considers whether the convenience of the parties and witnesses and the interest of justice warrant transfer to that forum. *Id.*

Federal courts generally give "considerable deference to a plaintiff's choice of forum, and thus the party seeking a transfer under § 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Int'l v. Miss. Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997). "The party seeking transfer is required to make a clear showing that the balance of interests weighs in favor of the proposed transfer, and unless that balance is strongly in favor of the moving party, the plaintiff's choice of forum should not be disturbed." *Ascension Health All. v. Ascension Ins., Inc.*, No. 4:15CV283 CDP, 2015 WL 5970487, at *1 (E.D. Mo. Oct. 13, 2015). "A transfer that would merely shift the inconvenience from one party to another should not be granted." *Id.*

"The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l*, 119 F.3d at 691. Section 1404(a) places "discretion in the district court to adjudicate motions for transfer" on an "individualized, case-by-case" basis. *Stewart Org., Inc. v. Rioch Corp.*, 487 U.S. 22, 29 (1988) (citation omitted).

It is undisputed that this matter "might have been brought" in the Northern District of California under §1404(a), as jurisdictional and venue requirements would have been satisfied there. Therefore, the Court turns to the broad categories of interests set forth in § 1404(a).

## Convenience of the Parties

"[T]he existing presumption in favor of the plaintiff's choice of forum is given greater weight when the plaintiff is a resident of the forum in which suit is brought." *Ascension Health All.*, 2015 WL 5970487, at *2. Although Apple suggests that this rule does not apply to non-practicing entities, the Court agrees with Masa that "the classic definition of a non-practicing entity, or patent troll, does not envision an entity which the patent inventors themselves wholly own." *LML Holdings, Inc. v. Pac. Coast Distrib. Inc.*, No. 11-CV-06173 YGR, 2012 WL 2994017, at *1 n.2 (N.D. Cal. July 20, 2012). Masa is at home in this district, as are two of its three owners, who are the inventors of the '834 patent.

The Court recognizes that transfer would undoubtedly be more convenient to Apple, which is headquartered in the Northern District of California. Much of Apple's

evidence, including evidence related to the research and development of the Apple Watch

Products, is in the Northern District of California. But the Court suspects that because

much of the documentary evidence is stored electronically, any inconvenience resulting

from accessibility of records is likely to be minimal. In any event, transfer would merely

shift the inconvenience from Apple and its employees to Masa and its owners. *Cf. In re

Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010) (finding that transfer was warranted not

only based on the location of Apple's witnesses, documentation, and alleged misconduct,

but also because neither the plaintiff nor any relevant witnesses resided in the plaintiff's

chosen forum). Thus, the convenience of the parties weighs in favor of maintaining this

action in Masa's choice of forum.

**Convenience of the Witnesses**

With regard to witnesses employed by the parties, the Court notes that, as with the

parties, one side will be inconvenienced in either venue. Although Apple has identified

more employees as potential witnesses than Masa, whose only identified witnesses

residing in Missouri are the Jersas, "sheer numbers of witnesses will not decide which

way the convenience factor tips." *Terra Int'l*, 119 F.3d at 696. Therefore, this factor

appears to be neutral.

As to the non-party witnesses, assuming that the witnesses identified by Apple

have relevant testimony, Apple has not shown or even suggested that these witnesses

would be unwilling to testify in Missouri or that they could not be made available by

deposition. As such, the Court does not believe that this factor weighs strongly, if at all,

in favor of transfer. *See Ascension Health All.*, 2015 WL 5970487, at *2 (finding that,

"[e]ven assuming that some or all of [the] nonparty witnesses [identified by the defendant] are essential to the resolution of this dispute," the defendant's failure to state whether it "actually asked any [non-party] witness whether she would be willing to testify in Missouri" and its failure to "show[] that its witnesses could not be made available by deposition or other means" weighed against transfer).

**Interest of Justice**

When considering the interests of justice, the Court notes that both potential venues in this case are equally capable of applying federal patent law. Likewise, both venues arguably have some interest in deciding the controversy, because one is the state in which the accused infringer is based and the other state where the intellectual property owner is located. *See Ascension Health All.*, 2015 WL 5970487, at \*2. Thus, the Court finds that this factor is neutral.

## CONCLUSION

On balance, the Court finds that the § 1404(a) factors do not weigh so strongly in Apple's favor as to disturb Masa's choice of forum.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Apple Inc.'s motion to transfer is **DENIED**. (Doc. No. 32.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of February, 2016.

8