UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MASA LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15-CV-00889-AGF |
| | ) |
| APPLE INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion (Doc. No. 45) of Defendant Apple Inc. to stay this case pending inter partes review ("IPR"). Apple filed a petition for IPR with the United States Patent Trial and Appeal Board ("PTAB"), seeking to invalidate United States Patent No. 8,519,834 ("the '834 patent") held by Plaintiff Masa LLC in view of prior art that the United States Patent and Trademark Office ("PTO") did not consider before it issued the '834 patent. For the following reasons, Apple's motion to stay will be granted.

## BACKGROUND

Masa filed this action on June 5, 2015, alleging that certain of Apple's watch products infringed the '834 patent. Masa seeks only monetary relief. On July 20, 2015, Apple filed an answer and counterclaim in which Apple seeks declarations of invalidity and non-infringement. The parties are not direct competitors.

The Court held a Rule 16 conference on September 2, 2015, and issued a Case Management Order ("CMO") two days later. The CMO set deadlines for initial

disclosures, preliminary infringement and invalidity contentions, claim construction proceedings, and mediation, but did not set deadlines for proceedings following claim construction, such as fact discovery, expert discovery, dispositive motions, or trial. The parties have made initial disclosures, exchanged preliminary infringement and invalidity contentions, exchanged preliminary claim constructions, filed a joint claim construction chart, and made preliminary document productions. However, custodial document productions have not yet been made, no depositions have been taken, no claim construction briefs have been filed, and a *Markman* hearing has not yet occurred. The parties participated in a Court-ordered mediation on January 27, 2016, but they were not successful in resolving their dispute.

Apple filed its petition for IPR on March 21, 2016. Every patent claim Masa asserts in this lawsuit is also at issue in the IPR. Apple asserts that the '834 patent is invalid in light of three items of prior art that the PTO did not consider before issuing the '834 patent. Apple filed this motion to stay the case on March 25, 2016, four days after filing the IPR petition.

Apple argues that a stay is appropriate because the case is at an early stage, and a stay would simplify the case by avoiding the need to litigate all or certain issues. Apple further argues that Masa will not be harmed by a stay because the parties are not direct competitors and because Masa would be able to recover monetary damages if it prevailed in this action. Although the PTAB has not yet decided whether to institute IPR, Apple notes that, by statute, it must make that decision within six months, before the end of September. Apple argues that the PTAB is likely to institute IPR, and that if it does, it

must by statute issue a final decision within one year thereafter, such that the maximum duration of the stay is finite and limited to 18 months. Alternatively, Apple argues, if the PTAB declines to institute IPR, the stay may be lifted within six months.

Masa argues that granting the motion to stay would be premature in this case and cites a string of cases declining to stay litigation after an IPR petition was filed but before IPR was instituted. Nevertheless, Masa agrees to a partial stay until the PTAB decides whether to institute IPR. Masa suggests that, under this partial stay, the parties would proceed with claim construction proceedings, including a *Markman* hearing, but that all post-claim construction proceedings would be stayed. Masa argues that because the Court and the PTAB construe claim terms under different standards, the IPR proceedings would not likely simplify the claim construction issues in this case. Masa contends that staying the case pending IPR would unnecessarily delay litigation.

## **DISCUSSION**

Congress created IPR proceedings in 2011 as part of the Leahy-Smith America Invents Act. *See* Pub. L. No. 112–29, § 6(a), 125 Stat. 284, 299–304 (2011), codified at 35 U.S.C. §§ 311–319. The IPR process replaced the previous inter partes reexamination proceeding, with the purpose of "convert[ing] inter partes reexamination from an examinational to an adjudicative proceeding." *Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318, 1326 (Fed. Cir. 2013) (quoting H.R. Rep. No. 112–98, pt. 1, at 46–47 (2011)). The new IPR process "offers a timely, cost-effective alternative to litigation, designed to produce a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." *Intellectual Ventures II*

3

*LLC v. Commerce Bancshares, Inc*., No. 2:13-CV-04160-NKL, 2014 WL 2511308, at *1 (W.D. Mo. June 4, 2014) (quoting Changes to Implement Inter Partes Review Proceedings, 77 Fed.Reg. 48680–01 (Aug. 14, 2012) (codified at 37 C.F.R. §§ 42.100 et seq.)).

Federal courts have the inherent power to grant a stay pending IPR. *Procter & Gamble Co. v. Kraft Foods Glob., Inc*., 549 F.3d 842, 849 (Fed. Cir. 2008). In determining whether to grant a stay in the present context, courts generally consider the following factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay of litigation will simplify the issues in question and facilitate the trial; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage for the non-moving party. *Intellectual Ventures*, 2014 WL 2511308, at *2.

The Court first concludes that the motion to stay is not premature. While some courts have (as noted by Masa) preferred to wait until the PTAB decides whether to institute IPR before granting a stay, others (as noted by Apple) have granted stays before the PTAB instituted IPR, and the Federal Circuit has "express[ed] no opinion on which is the better practice." *VirtualAgility Inc. v. Salesforce.com, Inc*., 759 F.3d 1307, 1315-16 (Fed. Cir. 2014) (citing cases on both sides). Therefore, the Court will turn to the factors listed above to determine whether the circumstances of this case warrant a stay, and if so, what that stay should entail. The PTAB will make a decision one way or the other in just six months, and if the PTAB decides not to institute IPR, such a short stay (particularly given the state of the proceedings, as discussed below) will not have prejudiced Masa.

4

Here, each of the relevant factors weighs in favor of a stay of all proceedings pending final resolution of IPR. Regarding the first factor, discovery is not complete, and a trial date has not been set. Indeed, this case is still in its infancy, discovery has just begun, and no depositions have been taken. If, however, the Court were to proceed with claim construction briefing and a *Markman* hearing as Masa suggests, the considerable resources and effort expended by the parties and the Court on that process would likely militate against a stay. *See, e.g., CANVS Corp. v. United States*, 118 Fed. Cl. 587, 595 (Fed. Cl. 2014) (suggesting that where the court has "expended significant resources" or reached "significant milestones" such as the completion of claim construction, this factor would weigh against a stay).

The second factor also weighs in favor of a stay of all proceedings. IPR will resolve some or all of the issues in this case if the claims are invalidated. And if the claims survive, IPR will still streamline the litigation because Apple will be subject to statutory estoppel, precluding it from asserting invalidity in this lawsuit "on any ground that [it] raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2). "This critical limitation results in a more streamlined litigation and reduces the likelihood of inconsistent judgments." *PersonalWeb Tech., LLC v. Google, Inc.*, No. 5:13–cv–1317–EJD, 2014 WL 4100743, at *5 (N.D. Cal. Aug. 20, 2014). *Cf. United Pet Group, Inc. v. MiracleCorp Prods.*, No. 4:12CV00440AGF, 2012 WL 2458539, at *3 (E.D. Mo. June 27, 2012) (noting that where *ex parte* reexamination was involved, which "(unlike *inter partes* reexamination) does not estop the requestor (Defendant) from later

arguing in litigation the same invalidity theories based on prior art that were advanced in the reexamination," the second factor was "speculative").

The Court disagrees with Masa's assertion that IPR will not simplify the claim construction issues in this case. If IPR invalidates some or all of the claims, the need for claim construction will be avoided entirely (and if already done, will have been a waste). But even if all of the claims survive, the Court may benefit from the "expert opinion of the PTO and clarifying the scope of the claims." *Intellectual Ventures*, 2014 WL 2511308, at *2.

Finally, the third factor, too, weighs in favor of a full stay. In weighing this factor, courts consider whether the parties are direct competitors, whether the non-moving party seeks solely monetary damages or instead seeks injunctive relief, and whether the moving party possessed a "dilatory motive" or is otherwise attempting to gain an unfair tactical advantage. *VirtualAgility*, 759 F.3d at 1318-19. "The mere potential for delay, however, is insufficient to establish *undue* prejudice." *Intellectual Ventures*, 2014 WL 2511308, at *3. Here, the parties are not direct competitors, and Masa seeks solely monetary damages that will not be diminished by a stay. Moreover, the Court does not believe that Apple possessed any dilatory motive. It was not unreasonable for Apple to wait until after the parties attempted to resolve their dispute in mediation before preparing and filing its IPR petition. Apple filed its IPR petition before claim construction briefing began in this case, and Apple promptly filed this motion to stay just four days later. Given the limited and finite nature of the stay in this case, the Court finds that Masa will not be unduly prejudiced or tactically disadvantaged. *Cf. United Pet Group*, 2012 WL

6

2458539, at *3 (noting that the "prejudice factor weigh[ed] strongly against" a stay where the parties were direct competitors and the lengthy reexamination process would take up the majority of the remaining life of the patent in issue).

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant Apple Inc.'s motion to stay pending inter partes review is **GRANTED**. (Doc. No. 45.) This case is **STAYED** pending final resolution of Defendant's petition for inter partes review.

**IT IS FURTHER ORDERED** that within **seven (7) days** following final resolution of Defendant's petition for inter partes review, Defendant shall file an appropriate motion as to lifting of the stay and the parties shall submit a joint proposed schedule for the remainder of this litigation.

**IT IS FURTHER ORDERED** that this case shall be deemed closed administratively, for statistical purposes only, subject to reopening upon lifting of the stay herein imposed or other appropriate Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of May, 2016.